**James ROSKIND, on behalf of himself and all others similarly situated, Plaintiff,**

v.

**MORGAN STANLEY DEAN WITTER & COMPANY, Defendant.**

**No. 01–0541.**

United States District Court, N.D. California.

April 11, 2001.

could prosecute the state official for illegally lining his pockets.

Joseph J, Tabacco, Jr., Nicole Lavallee, Donica Patel, Susan G. Kupfer, Berman DeValerio Pease & Tabacco, San Francisco, CA, for plaintiff.

Noran J., Mark A. Perry, Noran J. Camp, Gibson Dunn & Crutcher LLP, San Francisco, CA, Jonathan C. Dickey, Gail E. Lees, Gibson Dunn & Crutcher LLP, Palo Alto, CA, for defendant.

## ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND

CONTI, District Judge.

### I. INTRODUCTION

Before the Court is Plaintiff's motion, filed on March 8, 2001, to remand this case to the Superior Court of California, County of San Francisco, where it was originally filed. Specifically, Plaintiff contends Defendant's removal on January 17, 2001 was untimely and there is no federal subject matter jurisdiction over his claims. Plaintiff also seeks to recover the costs incurred as a result of the removal.

### II. BACKGROUND

The procedural and substantive history of this case spans two and a half years. In brief, Plaintiff filed a class-action suit in the Superior Court of California for the County of San Francisco on September 8, 1998. The complaint alleges that Defendant breached its fiduciary duty and engaged in unfair business acts by failing to execute sell orders at the best available price and by trading ahead of its clients. Complaint ¶ 2. According to the complaint, on February 8, 1996, Plaintiff instructed Defendant, his broker, to sell 14,000 shares of Netscape for at least $65 per share at market open. Complaint ¶ 21. Although Defendant received the order prior to the market's opening, Defendant waited 77 minutes, during which time Defendant sold its own shares and the market price dropped $2.50, before offering Plaintiff's shares for sale. Complaint ¶ 21–26. Defendant then purchased Plaintiff's shares at a price lower than the price it had just sold its shares. Complaint ¶ 26. Plaintiff alleges that this conduct breached fiduciary duties owed to Plaintiff. Complaint ¶ 18. Plaintiff also alleges that Defendant's conduct in conjunction with statements that it obtains the best price for its clients violates California Business and Professions Code §§ 17200 et seq. and §§ 17500 et seq. Complaint ¶ 33–36.[1]

In September 1998, Defendant timely removed the action to federal court asserting diversity jurisdiction, however, the district court remanded finding the amount in controversy requirement was not met. *Roskind v. Morgan Stanley Dean,* No. 98–3712 (N.D.Cal. filed Dec. 21, 1998).[2] Defendant then demurred on the grounds that the state claims were preempted by federal law and violated the commerce clause. The district court found the state claims preempted, however the Court of Appeals reversed finding that the state claims did not conflict with the federal scheme for regulating securities trading. *Roskind v. Morgan Stanley Dean Witter & Co.,* 80 Cal.App.4th 345, 95 Cal.Rptr.2d 258 (2000), *cert. denied,* 531 U.S. 1119, 121 S.Ct. 868, 148 L.Ed.2d 781 (2001). Defendant then sought and was denied a rehearing before the Court of Appeals, depublication of the opinion, review by the

---

1. Plaintiff initially complained to NASD about Defendant's conduct. NASD investigated Plaintiff's complaint and eventually reached a settlement with Morgan Stanley. Defendant requests that the Court take judicial notice of the NASD settlement. The Court declines to take judicial notice as the NASD proceedings are not relevant to the jurisdictional issues raised in Plaintiff's motion for remand.

2. Pursuant to Fed.R.Evid. 201(b) and upon Defendant's request, the Court takes judicial notice of the prior state court pleadings in this case.

California Supreme Court, and finally, review by the United States Supreme Court, which was denied on January 16, 2001.

On January 17, 2001, Defendant filed a Second Notice of Removal, this time asserting federal jurisdiction based on the existence of a federal question raised in Plaintiff's Brief in Opposition to Petition for Certiorari. Plaintiff filed the present motion for remand on March 7, 2001 asserting both procedural and jurisdiction grounds. Specifically, Plaintiff contends the Defendant's removal was not timely, that Defendant waived its right to remove, that Defendant is estopped from removing the action, and that federal question jurisdiction is lacking. Plaintiff also seeks to recover the costs incurred as a result of the removal under 28 U.S.C. § 1447(c).

## III. *DISCUSSION*

### A. Legal Standard for Removal

■ With some exceptions not at issue here, a defendant may remove a civil action brought in state court to a federal district court so long as the district court has original jurisdiction. 28 U.S.C. § 1441(a). In the Ninth Circuit, section 1441 is construed strictly against removal jurisdiction. *Libhart v. Santa Monica Dairy Co.,* 592 F.2d 1062, 1064 (9th Cir. 1979). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles,* 980 F.2d 564, 566 (9th Cir.1992). Consequently, the defendant bears the burden of establishing federal jurisdiction. *See Ethridge v. Harbor House Restaurant,* 861 F.2d 1389, 1393 (9th Cir.1988).

A defendant must remove the action within thirty days of receipt of the initial pleading. 28 U.S.C. § 1446(b). If the case stated by the initial pleading is not removable, "a notice of removal may be filed within thirty days after receipt by the defendant ... of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b).

### B. Remand Based on a Defect in Removal Procedure

■ A plaintiff may seek to have the district court remand the case to the state court from which it was removed if the district court lacks jurisdiction or if there is a defect in the removal procedure. 28 U.S.C. § 1447(c). A motion to remand on the basis of a defect in removal procedure must be made within 30 days after the filing of the notice of removal. 28 U.S.C. § 1447(c). In the Ninth Circuit, a "district court ha[s] no authority to remand ... on the basis of a defect in removal procedure raised for the first time more than 30 days after the filing of the notice of removal." *Northern California District Council of Laborers v. Pittsburg–Des Moines Steel,* 69 F.3d 1034, 1038 (9th Cir.1995); *see also Maniar v. FDIC,* 979 F.2d 782, 784–85 (9th Cir.1992) (holding that a court's *sua sponte* remand must take place within the thirty day period).

Plaintiff's Motion to Remand was not filed until March 7, 2001, which is forty-nine days after Defendant filed its Second Notice of Removal on January 17, 2001.[3] Since more than thirty days have elapsed, this Court no longer has the authority to remand based on procedural defects. Three of Plaintiff's grounds for remand are potentially procedural: (1) that Defendant's removal was untimely; (2) that Defendant waived its Right to Remove; and

---

**3.** No where in the motion or reply does Plaintiff offer an explanation for not seeking remand within the thirty day period. Even if Plaintiff had proffered a reason for the delay, under *Pittsburg–Des Moines,* this Court would not have the authority to excuse Plaintiff's tardiness.

(3) that Defendant is judicially or collaterally estopped from removing.

The Ninth Circuit has held that untimely removal is a procedural, not jurisdiction, defect which must be objected to within the thirty days period. *See Maniar*, 979 F.2d at 784. Accordingly, the Court may not consider whether Defendant's removal was untimely since the defect was not raised within the thirty day period.

The next issue is whether waiver and estoppel are also procedural defects that must be objected to within thirty days. The Fifth Circuit has defined "a defect in the removal procedure" broadly as "any defect that does not involve the inability of the federal district court to entertain the suit as a matter of its original subject matter jurisdiction." *Baris v. Sulpicio Lines, Inc.*, 932 F.2d 1540, 1544–45 (5th Cir.1991); *see also, In re Allstate Ins. Co.*, 8 F.3d 219, 221 (5th Cir.1993); *In re Shell Oil Co.*, 932 F.2d 1518, 1522 (5th Cir.1991) (defining "any defect in removal procedure" as "all non-jurisdictional defects existing at the time of removal"). Other courts have adopted a more narrow definition, applying the thirty day limit only to "motions for remand made on the basis of any defect in the removal procedure." *Foster v. Chesapeake Ins. Co.*, 933 F.2d 1207, 1213 (3d Cir.1991) (finding remand based on a forum selection clause was not a "defect in removal procedure"); *see also, Lee v. City of Beaumont*, 12 F.3d 933, 935 (9th Cir.1993); (remanding pendent state law claims on discretionary grounds is not considered one made pursuant to section 1447(c)); *Bennett v. Liberty National Fire Ins. Co.*, 968 F.2d 969, 970 (9th Cir.1992) (finding abstention a nonjurisdictional ground for remand not governed by 28 U.S.C. § 1447(c)); *Melahn v. Pennock Ins., Inc.*, 965 F.2d 1497, 1501–03 (8th Cir.1992) (same).

Although the Ninth Circuit has recognized that remand based on abstention may occur after thirty days, it has not explicitly adopted either the Third Circuit's narrow or the Fifth Circuit's broad definition. The intent of § 1447(c) was to prevent the unnecessary shuffling of cases between state and federal courts after the first thirty days. *See* H.R.Rep. No. 889, 100th Cong., 2d Sess. 1, 72 (1988), *reprinted in* 1988 U.S.C.C.A.N. 5982, 6033. Allowing a district court to retain a removed case when the defendant has either waived its right to removal or is collaterally estoppel from seeking removal would reopen the door for such shuffling. Waiver and estoppel are equitable doctrines irrelevant to jurisdiction and the federalism concerns driving *Lee* and *Bennett*. The Court finds that a motion for remand based on waiver or estoppel must be made within thirty days. Plaintiff's failure to do so prevents this Court from remanding on the grounds of waiver or estoppel.

## C. Remand Based on Lack of Jurisdiction

The thirty day requirement applies only to procedural objections; remand on jurisdictional grounds may be made at any time prior to final judgment. 28 U.S.C. § 1447(c). District courts have original jurisdiction over cases that arise under the law of the United States. U.S. Const. art. III, § 2, cl.1. As a general rule, the "presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987); *see also, Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152–154, 29 S.Ct. 42, 53 L.Ed. 126 (1908). When removal is based on the existence of

a federal question ascertainable for the first time in "an amended pleading, motion, order or other paper," the federal question must appear from the face of the pleading, motion, order or other paper supporting removal, here Plaintiff's Opposition to Certiorari. Thus, to be removable, Plaintiff's Complaint or Opposition must state a claim that arises under federal law.[4]

■ A plaintiff may preclude removal by choosing not to plead federal claims. *See Caterpillar,* 482 U.S. at 399, 107 S.Ct. 2425. However, under the artful pleading rule a plaintiff can not prevent removal by omitting important federal questions that are essential to plaintiff's claims. *See Franchise Tax Board of California v. Construction Laborers Vacation Trust for S. California,* 463 U.S. 1, 22, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983). "Artful pleading exists where a plaintiff articulates an inherently federal claim in state law terms." *Brennan v. Southwest Airlines Co.,* 134 F.3d 1405, 1409 (9th Cir.1998). Courts find a state law claim arises under federal law only if federal law completely preempts the state law;[5] the state claim is necessarily federal in character; or the right to relief requires the resolution of a substantial, disputed federal question. *See ARCO Environmental Remediation, L.L.C. v. Montana,* 213 F.3d 1108, 1114 (9th Cir.2000) (internal citations omitted). However, as a general rule, allegations of federal law violations as part of a state cause of action does not confer federal question jurisdiction. *See Merrell Dow Pharmaceuticals, Inc. v. Thompson,* 478 U.S. 804, 807–17, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986), *see generally* 16 Moore's Federal Practice 3d § 107.14[3][a][ii].

■ When federal exclusive jurisdiction provisions deprive state courts of jurisdiction, the Ninth Circuit views the state claims as "necessarily federal in character" and removal is available.[6] *See ARCO,* 213 F.3d at 1115. In *ARCO,* the Ninth Circuit found that an action for access to remediation documents under Montana's open meeting law was not a "challenge to a CERCLA cleanup" within CERCLA's exclusive jurisdiction provision and therefore, was not removable. *Id.* Conversely, in *Brennan,* the Ninth Circuit found a suit to recover monies for an anticipated excise tax that Congress did not end up enacting was a tax refund suit within the exclusive jurisdiction of federal courts and therefore, was removable. 134 F.3d at 1409–12.

■ The Exchange Act provides: "The district courts of the United States ... shall have exclusive jurisdiction of violations of this chapter or the rules and regulations thereunder, *and of all suits in equity and actions at law brought to enforce any liability or duty created by this chapter or the rules and regulations thereunder.*" 15 U.S.C. § 78aa (emphasis added). Accordingly, this Court has exclusive jurisdiction if Plaintiff's suit was "brought to enforce any liability or duty" that is "created by the rules and regulations" of the Exchange Act.

---

4. Due to the inability of the Court to consider whether Defendant's removal was untimely, the Court must look at both the face of the Complaint and the Opposition to determine the existence of federal question jurisdiction.

5. This Court is bound by the California Court of Appeals' ruling that the Exchange Act does not completely preempt Plaintiff's claims.

6. The scope of an exclusive jurisdiction provision is closely related, but analytically distinct from, whether a state claim is completely preempted by federal law.

Defendant primarily relies on *Sparta Surgical Corp. v. Nat'l Assoc. of Securities Dealers, Inc.*, 159 F.3d 1209 (9th Cir.1998), for its contention that an action arising from the breach of NASD rules fall within the exclusive jurisdiction provision of Section 78aa. In *Sparta*, the plaintiff brought state law claims against NASD alleging NASD violated its rules by de-listing plaintiff's stock. The Ninth Circuit allowed removal finding:

> NASD's association's rules ... [are] issued pursuant to the Exchange Act's directive that self-regulatory organizations adopt rules and by-laws in conformance with the Exchange Act. *See* 15 U.S.C. § 78o–3(b). With some exceptions not germane to our inquiry, the SEC must approve the rules issued by self-regulatory organizations. *See* 15 U.S.C. § 78s(b). In addition, the SEC "may abrogate, add to, and delete from" rules of a self-regulatory organization as it "deems necessary or appropriate" to insure the fair administration of the organization or to conform the organization's rules to Exchange Act requirements. *See* 15 U.S.C. § 78s(c). The Exchange Act requires self-regulatory organizations to comply not only with the Exchange Act, but also with the association's own rules. *See* 15 U.S.C. § 78s(g)(1).

159 F.3d at 1212. In the present case, Defendant is not NASD, but is an individual securities dealer who is a member of the NASD. Although the Exchange Act expressly requires that a self-regulatory organization comply with its own rules and that dealers comply with the Exchange Act, it does not expressly require NASD members to comply with NASD rules nor does it recognize a right of action against a dealer for NASD violations. In contrast, the Exchange Act leaves violations of NASD rules to be addressed by NASD and where possible by nonconflicting state law. Accordingly, the Court finds that 15 U.S.C. § 78aa does not deprive a state court of jurisdiction to adjudicate state law claims against a securities dealer.

■ Even if plaintiff's claims do not fall within the "exclusive jurisdiction" provision, jurisdiction may exist if "some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims." *See Franchise Tax Board*, 463 U.S. at 22, 103 S.Ct. 2841. Defendant again relies heavily, almost exclusively, on *Sparta*, in asserting that the NASD rules are necessary and essential to Plaintiff's claims, while Plaintiff reasserts that *Sparta* is distinguishable because the defendant was NASD, not an individual dealer.

Since the issue now is whether federal law is essential to the state claim, the critical distinction turns on the different state claims at issue. In *Sparta*, the NASD rules were essential to the breach of contract claim because the rules themselves were the terms of the contract that plaintiff alleged NASD breached.[7] The 9th Circuit found that the propriety of defendant's conduct "must be *exclusively* determined by federal law" and the "viability of *any* action founded on NASD's conduct ... depends on whether the association's rules were violated." 159 F.3d at 1212. The district court had also concluded that "*[a]ny* claim stemming from NASD's decision ... is *necessarily* based on an assumed violation of the rules governing such procedures." *Id.* Federal law was essential in *Sparta* because the plain-

---

7. In addition to contract claims for breach of express and implied contract and breach of the covenant of good faith and fair dealing, the complaint in *Sparta* also alleged tort claims for gross negligence, intentional and negligent misrepresentation, and interference with economic relations. The Ninth Circuit focused on the breach of contract aspect.

tiff could not prevail without establishing a violation of federal law was the alleged breach of contract.[8]

■ Here, Plaintiff brings a claim for breach of fiduciary duty. State common law, not NASD rules, define the scope of Defendant's fiduciary duty to Plaintiff. The violation of NASD rules are a method to assess defendant's misconduct, but establishing a violation is not a necessary element of plaintiff's claims. The non-essential role of the NASD rules is evident from Plaintiff's complaint as the NASD rule violations are only one of nine fiduciary duties that Plaintiff alleges Defendant breached. (Complaint ¶ 18(A–I).)

Plaintiff's second claim is an unfair competition claim under California Business & Professions Code § 17200 *et seq.* Under California law, unfair competition means engaging in "unlawful, unfair, or fraudulent" business practices or in "unfair, deceptive, untrue, or misleading advertising." Cal. Bus. & Prof. C. § 17200 *et seq.* Again, state law, not NASD rules, will determine whether Defendant engaged in unfair practices. Plaintiff need not establish a violation of the NASD rules to establish liability under his section 17200 claim. For example, a jury could determine that Defendant is liable under § 17200 for the misleading statements alleged in the complaint, without finding that Defendant violated a NASD rule. Even if Plaintiff relies on the NASD violation to show Defendant's actions were "unlawful", such reliance does not entitle Defendant to remove.

*See Castro v. Providian Nat'l Bank,* 2000 WL 1929366 (N.D.Cal. Dec.29, 2000).

Finally, in *Merrell Dow,* the Supreme Court stated:

> The congressional determination that there should be no federal remedy for the violation of this federal statute is tantamount to a congressional conclusion that the presence of a claimed violation of the statute as an element of a state cause of action is insufficiently "substantial" to confer federal question jurisdiction.

478 U.S. at 814, 106 S.Ct. 3229. Accordingly, Congress' determination that there is no federal right of action against brokers who violate NASD rules strongly indicates the lack of a substantial federal question sufficient to confer jurisdiction and removal rights in the case at hand.

The Court finds that Defendant is not entitled to removal when the state law claims are not within the Exchange Act's exclusive jurisdiction provision, the violation of NASD rules is not essential to liability under the state claims, and the Exchange Act does not provide a private right of action.

### D. Costs

■ Section 1447(c) authorizes the payment of just costs and actual expenses incurred as a result of a legally improper removal. 28 U.S.C. § 1447(c). A court may authorize the payment of costs without finding bad faith. *See Moore v. Per-*

---

**8.** In *ARCO,* the Ninth Circuit characterized *Sparta* as holding that "federal jurisdiction existed because 'relief is *partially predicated* on a subject matter committed exclusively to federal jurisdiction.'" 213 F.3d at 1116 (quoting *Sparta,* 159 F.3d at 1213) (emphasis added). What *Sparta* said was that the "rule that state law claims cannot be alchemized into federal causes of action by incidental reference, has no application when relief is partially predicated on a subject matter com-

mitted exclusively to federal jurisdiction." 159 F.3d at 1212–13. *Sparta* and *Franchise Tax Board* make clear that removal is available if the federal question is essential to the state claim. *See Sparta,* 159 F.3d at 1212; *Franchise Tax Board,* 463 U.S. at 22, 103 S.Ct. 2841. *Merrell Dow* goes slightly further requiring that the federal law be both essential and substantial to the state claim. 478 U.S. at 814, 106 S.Ct. 3229.

**1068**

*manente Med. Group, Inc.,* 981 F.2d 443, 446–447 (9th Cir.1992). However, costs may be denied when plaintiff is partially responsible for causing the case to remain in federal court. *See Avitts v. Amoco Prod. Co.,* 111 F.3d 30, 32–33 (5th Cir., 1997); *Bankston v. Burch,* 27 F.3d 164, 169 (5th Cir.1994), *see generally,* 16 Moore's Federal Practice § 104.41[3][a]. The Court finds Plaintiff is not entitled to recovery of costs in light of Plaintiff's failure to file a motion for remand in a timely manner.

## IV. CONCLUSION

The Court hereby GRANTS Plaintiff's Motion for Remand to State Court and DENIES Plaintiff's Request for the Recovery of Costs.

IT IS FURTHER ORDERED that the case be remanded to the Superior Court of the State of California for the County of San Francisco.

IT IS SO ORDERED.